OPINION
Appellant, Sonja Lackey ("appellant") appeals from the judgment entered in the Tuscarawas County Court of Common Pleas overruling her objections to a magistrate's decision with respect to her divorce from appellee Paul E. Lackey. The trial court's decision from which this appeal is taken entered a final judgment granting divorce, approving an in depth separation agreement, and, by the way of sanctions against appellant wife, granted a six hundred dollar judgment in favor of appellee's husband ($100 for fees expended by husband pursuant to a settlement agreement between the parties and $500 for attorney fees incurred by appellee husband in order to "obtain extraordinary relief from the Court and enforcing the oral agreement reached by the parties in the courtroom.") The court made additional orders concerning appellee husband's access to items of personal property at the residence.
Appellant assign two errors:
I
 THE MAGISTRATE, IN ORDERING APPELLANT TO PAY DAMAGES OF $100.00 AND ATTORNEY FEES OF $500.00 AS A PENALTY WITHOUT PROPER NOTICE IS REVERSIBLE ERROR.
II
 THE APPELLANT WHEN DENIED EQUITABLE DIVISION OF THE HOUSEHOLD GOODS AND SPOUSAL SUPPORT IS REVERSIBLE ERROR.
The substance of each of the assigned errors is driven by the sequential process. The instant divorce proceedings came on for hearing before the Magistrate following extensive discovery and pre-trial settlement negotiations on June 4, 1999. Each party was represented by counsel during the discovery, negotiations and at the hearing.[1] Both parties were present at the hearing, represented by counsel, and an agreement upon the merits was reached by the parties and same was read, in significant detail, into the record. This settlement also included a recitation of the agreement that appellant wife would permit appellee husband to enter into the marital property at one o'clock on June 4, 1999 to remove certain identified personal property. Each party was addressed by the magistrate and questioned about their satisfaction with the agreement and desire to have same included in the final decree. Each party answered in the affirmative.
The magistrate's decision includes extensive findings of fact and support of the proposed separate conclusions of law. In addition to referencing what occurred at the June 4, 1999 hearing, the decision explained that on June 4, 1999, appellee husband appeared at 1:00 p.m., pursuant to the parties' agreement, to collect personalty from the marital home. Appellant wife was not at home, did not cooperate and did not allow access to said personalty. Additionally, appellant wife thereafter told her legal counsel that she "wanted to fire him" and that she wanted to "appeal" the decision of the court. In response, appellant's attorney filed a motion to withdraw as attorney for appellant. Counsel for appellee husband filed a motion to enforce the separation agreement as dictated into the record on June 4, 1999. The magistrate, following a hearing on July 2, 1999, recommended to the court that appellant wife not be permitted to discharge her counsel unless she makes her own written request for discharge. The magistrate further recommended that appellant wife be ordered to pay $600 to appellee for her breach of the settlement agreement with respect to the removal of the personalty by appellee husband and established a new process for the recovery of the personalty.
Appellant wife subsequently engaged new counsel who filed timely objections to the magistrate's report and recommendations. The objections were set for hearing and heard by the court on September 13, 1999. At the hearing, neither the wife nor her newly engaged counsel appeared. The court, upon independent review, found the objections filed by appellant to be without merit and overruled same, thereby adopting the magistrate's decision and recommendations and making them the order of the court. It is from this judgment the current appeal is prosecuted.
It is noteworthy that a review of these proceedings is limited because of the failure of the objecting party and the appellant to provide a transcript to the trial court prior to the time of consideration of the objections.
We now turn to the assignments of error in the order raised:
 I
It is clear from the record before us that appellant was duly notified of the July 2, 1999 hearing and failed to appear for same. It is noteworthy that appellant's attorney was present for the hearing and that said counsel notified appellant of the hearing. It was at this hearing the magistrate heard evidence and determined damages payable to appellee husband as a consequence of appellant's failure to comply with the terms of the in court settlement agreement between the parties. Appellant's failure to attend this hearing acts as a waiver of the claimed error.
Additionally, the finding of the magistrate, subsequently confirmed and adopted by the trial court, is supported by competent evidence and constitutes neither an abuse of discretion or a violation of law.
Accordingly, the first assignment of error is hereby overruled.
 II
Upon review of the record in this case we are unable to conclude that the agreed division of household goods and establishment of spousal support was either an abuse of discretion or contrary to law.
The second assignment of error is hereby overruled.
For the foregoing reasons, appellants assigned errors are hereby overruled and the judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.
Milligan, V.J., Farmer, J. and Edwards, J. concur.
[1] The parties were married on October 1, 1983 and have one emancipated child.